UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L CLOSSON,

                    Plaintiff,

      v.

DAN PACHOLKE,

                    Defendant.

CASE NO. 3:16-CV-05062-RBL-JRC

ORDER TO SHOW CAUSE

On January 25, 2016, plaintiff, who is housed at the Washington State Penitentiary ("WSP") in Walla, Walla, Washington filed a proposed application to proceed *in forma pauperis*, and proposed civil rights complaint pursuant to 42 U.S.C. § 1983. Dkts. 1, 4. Based on plaintiff's proposed complaint, it is unclear whether venue is proper in the Western District of Washington or whether this case should be transferred to the Eastern District of Washington. *See* Dkt. 1-1.

**DISCUSSION**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1)

the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Although plaintiff filed this cause of action in the Western District of Washington, he is incarcerated at WSP, which is the Eastern District of Washington. Dkt. 1-1. Plaintiff names defendant Pacholke, Secretary of the Washington State Department of Corrections, as the only defendant in this cause of action. *Id.* Plaintiff alleges that he had to go without soap for 27 days. *Id.* at 5. It appears that plaintiff was not provided with soap upon his transfer from "Shelton" to WSP on February 4, 2015. *Id.* at 4.

It is unclear from plaintiff's proposed complaint whether the named defendant committed any of the alleged actions or whether venue is proper in the Western District of Washington or the Eastern District of Washington, where plaintiff is incarcerated. Accordingly, the Court orders plaintiff to show cause by March 4, 2016 why this case should not be transferred. Plaintiff shall file a response explaining why the Western District of Washington in Tacoma, Washington is the proper venue for his § 1983 cause of action.

Plaintiff is directed to carefully review the general venue statute, 28 U.S.C. § 1391, and the change of venue statute, 28 U.S.C. § 1404. Plaintiff is also advised that in order to sustain a § 1983 action, a plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a

person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Here, the only named defendant is defendant Pacholke, who appears to have been named solely on the basis of his supervisory responsibility or position. Dkt. 1-1. However, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Further, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is the 'moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*quoting Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). "The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Redman v. County of San Diego*, 942 F.2d 1435, 1448 (9th Cir. 1991) (en banc) (*quoting Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir.1978)).

If plaintiff's response does not clearly state why this case should not be transferred or if plaintiff fails to respond to this Order by March 4, 2016, the Court will proceed with a recommendation that plaintiff's case be transferred to the Eastern District of Washington.

Dated this 10th day of February, 2016.

J. Richard Creatura
United States Magistrate Judge