JUDGE RONALD B. LEIGHTON
MAGISTRATE JUDGE J. RICHARD CREATURA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| KEITH L. CLOSSON,<br><br>    Plaintiff,<br><br>  v.<br><br>DAN PACHOLKE,<br><br>    Defendant. | NO. C16-05062-RBL-JRC<br><br>DEFENDANT'S MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>October 14, 2016 |

Defendant, DAN PACHOLKE, by and through his attorneys of record, ROBERT W. FERGUSON, Attorney General, and MARKO L. PAVELA, Assistant Attorney General, hereby move the Court to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   STATEMENT OF THE CASE

Plaintiff, Keith L. Closson, is an inmate currently in the custody of the Washington State Department of Corrections. Plaintiff's Amended Civil Rights Complaint Under 42 U.S.C. § 1983 was filed on April 21, 2016. ECF No. 19. Dan Pacholke, former Secretary of the Washington State Department of Corrections (DOC), is the lone Defendant. *Id*.

In his lawsuit, Plaintiff alleges that he was deprived of soap on two separate occasions. The first instance occurred when Plaintiff was transferred from the Washington Corrections Center (WCC) to the Washington State Penitentiary (WSP) on February 4, 2015, one day before he was due to be issued another bar of soap by WCC. ECF No. 19 at

DEFENDANT'S MOTION TO DISMISS
NO. C16-5062-RBL-JRC

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

4. Plaintiff alleges his only means of acquiring soap upon arrival at WSP was through WSP's commissary, that he ordered soap, and that fulfilment of his order did not occur until March 3, 2015. ECF No. 19 at 4-5. Plaintiff does appear to claim that he spent the interim without soap altogether, ECF No. 19 at 5, but he does not state whether normal issue soap became available to him, or why it did not, during that period.

The second instance occurred when Plaintiff was transferred to WSP's Intensive Management Unit (IMU) on August 22, 2015. ECF No. 19 at 5-6. Plaintiff claims he was issued a bar of soap upon arrival to the IMU, but that he would only be able to acquire additional soap through the commissary. ECF No. 19 at 6. Plaintiff claims that he ordered soap, but did not receive it until September 10. *Id*. Plaintiff again does not state whether normal issue soap became available to him while he awaited his commissary order, or why it did not.

Plaintiff contends these deprivations of soap violate the Eighth Amendment, as well as RCW 72.10.020 (4)(b).[1] ECF No. 19 at 9-10. Defendant Pacholke now moves for dismissal because Plaintiff has failed to plausibly allege claims against him and because he is entitled to qualified immunity.

## II.   ISSUES PRESENTED

1. Whether Plaintiff has plausibly alleged that the Defendant personally participated in any alleged unconstitutional conduct?

2. Whether the Defendant is entitled to qualified immunity?

## III.   STANDARD OF REVIEW

When evaluating a motion to dismiss, a court must accept all factual allegations as true and construe them in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)(citing *Enesco Corp. v.*

---

[1] RCW 72.10.020 was amended on June 9, 2016, by Engrossed House Bill 2883. The language Plaintiff relies upon in his complaint is now at RCW 72.10.020 (3) (b).

DEFENDANT'S MOTION TO DISMISS
NO. C16-5062-RBL-JRC

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

*Price/Costco, Inc.*, 146 F.3d 1083 (9th Cir. 1998)). A court will dismiss a claim if it lacks sufficient factual material to state a claim that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Conclusory allegations that are unsupported by well-pleaded factual allegations must be disregarded on a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679. A complaint that merely restates the elements of a cause of action and is supported only by conclusory statements cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. When evaluating a motion to dismiss, a court is also not required to accept as true factual allegations that are based on unwarranted deductions of fact or inferences that are unreasonable in light of the information provided in the complaint. *See Sprewell*, 266 F.3d at 988.

## IV.    ARGUMENT

**A.    Plaintiff Has Failed To Plausibly Allege That Defendant Pacholke Personally Participated In Any Alleged Constitutional Violation**

Personal participation is an essential element of a § 1983 claim. *See e.g., Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). To be liable under § 1983, a person must do an affirmative act, participate in another's affirmative act, or fail to perform an act that the person is legally required to do. *Id.* Supervisory officials cannot be held liable under a theory of respondeat superior. *See Iqbal*, 556 U.S. at 677. Mere knowledge of a subordinate's unconstitutional actions is not enough to establish liability. *Id.*

Plaintiff has failed to plausibly allege that the Defendant had any personal involvement in denying Plaintiff soap. Plaintiff does not allege that Mr. Pacholke ever acted to deny him soap, and Plaintiff's allegations towards Mr. Pacholke appear to be based entirely on the fact that Mr. Pacholke was Secretary of the DOC at the time Plaintiff claims to have been without soap. ECF No. 19. Allegations based upon a theory of respondeat superior are not a proper basis for liability under § 1983. *See Iqbal*, 556 at 677.

DEFENDANT'S MOTION TO DISMISS
NO. C16-5062-RBL-JRC

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

Therefore, because Plaintiff has failed to allege any personal involvement on the part of Mr. Pacholke, this case must be dismissed.

**B.    Defendant Is Entitled To Qualified Immunity**

Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). In determining whether defendants are entitled to qualified immunity, the court makes a two-step inquiry. First, the court must determine if plaintiff has alleged sufficient facts to show that defendants violated his constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808 (2009). Second, the court must determine if the right was clearly established. *Id.* This requires the court to determine if it would have been clear to a reasonable person that their conduct was unlawful in the situation they confronted. *Id.* at 202. Plaintiff bears the burden of proving that the right was clearly established. *See Davis v. Scherer*, 468 U.S. 183, 197, 104 S. Ct. 3012 (1984). Courts can address these issues in any order. *Pearson*, 555 U.S. 223 (2009).

As discussed above, Plaintiff has not alleged sufficient facts to establish any constitutional violation by the Defendant. Plaintiff has alleged no acts or omissions by the Defendant, just that the Defendant was Secretary of the DOC. ECF No. 19. Even if Plaintiff has alleged a constitutional violation, the absence of any details as to personal involvement by the Defendant also precludes a finding that Defendant clearly knew that any of his acts or omissions were unlawful. The Defendant is entitled to qualified immunity as a result.

DEFENDANT'S MOTION TO DISMISS
NO. C16-5062-RBL-JRC

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## V. CONCLUSION

For the above-mentioned reasons, Defendant respectfully request that the Court dismiss Plaintiff's claims against him with prejudice.

RESPECTFULLY SUBMITTED this 16th day of September, 2016.

>ROBERT W. FERGUSON
>Attorney General
>
>s/ Marko L. Pavela
>MARKO L. PAVELA, WSBA #49160
>Assistant Attorney General
>Corrections Division
>P.O. Box 40116
>Olympia, WA  98504-0116
>(360) 586-1445
>MarkoP@atg.wa.gov

DEFENDANT'S MOTION TO DISMISS
NO. C16-5062-RBL-JRC

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I caused to be electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following prisoner CM/ECF participant:

KEITH L. CLOSSON, DOC #632309
STAFFORD CREEK CORRECTION CENTER
191 CONSTANTINE WAY
ABERDEEN WA  98520

docscccinmatefederal@DOC1.wa.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 16th day of September, 2016, at Olympia, Washington.

s/ Amy Jones
AMY JONES
Legal Assistant
Corrections Division
PO Box 40116
Olympia WA  98504-0116
(360) 586-1445
AmyJ@atg.wa.gov

DEFENDANT'S MOTION TO DISMISS
NO. C16-5062-RBL-JRC

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA  98504-0116
(360) 586-1445