UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L CLOSSON,

                    Plaintiff,

        v.

DAN PACHOLKE,

                    Defendant.

CASE NO. 3:16-CV-05062-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: DECEMBER 23, 2016

   In this 42 U.S.C. § 1983 civil-rights action, Plaintiff Keith L. Closson, proceeding *pro se*

and *in forma pauperis,* sues Dan Pacholke, former Secretary of the Department of Corrections.

Plaintiff alleges that he was denied soap on two occasions, once for 27 days and again for 11

days, pursuant to DOC Policy 440.080. Defendant Pacholke moves for dismissal of the

complaint, arguing that plaintiff has failed to allege that defendant personally participated in any

alleged violation of plaintiff's constitutional rights. Dkt. 26.  Because the Court finds that

plaintiff has sufficiently alleged a connection between defendant and the policy that was the

moving force behind the deprivation of soap, the Court recommends that defendant's motion be

1    denied. Moreover, plaintiff only seeks injunctive and declaratory relief, and thus, defendant is

2    not entitled to qualified immunity.

3                                    PLAINTIFF'S ALLEGATIONS

4            Plaintiff, Keith L. Closson, is an inmate currently in the custody of the Washington State

5    Department of Corrections ("DOC") and is housed at Stafford Creek Corrections Center

6    ("SCCC"). *See* Dkt. At the time he filed this cause of action, plaintiff was housed at Washington

7    State Penitentiary ("WSP"). Dkt. 19. Dan Pacholke, former Secretary of the Washington State

8    Department of Corrections (DOC), is the only named defendant in this cause of action. Dkt. 19.

9            Plaintiff alleges that he was deprived of soap on two separate occasions. The first

10   instance occurred when plaintiff was transferred from the Washington Corrections Center

11   ("WCC") to the WSP.  Plaintiff alleges that DOC Policy 440.020.I(C)(1)(d) permits transferring

12   inmates to pack up to one bar of soap in their transport bag for access upon arrival at their

13   destination. *Id.* at 4. Plaintiff alleges that he was transferred on February 4, 2015, one day before

14   he was due to be issued another bar of soap by WCC, thus he had no soap to pack in his transport

15   bag. Dkt. 19 at 4. Plaintiff alleges that when he arrived at WSP, he told non-party Lonnie

16   Roberts, a WSP unit supervisor, that he needed soap. *Id.* at 4-5. Plaintiff alleges that he was told

17   that due to a change in policy, he would have to obtain soap through the WSP commissary. Dkt.

18   19 at 4-5. Plaintiff alleges that WSP commissary only makes deliveries every two weeks and

19   thus, he had to wait 13 days, until February 17, 2015 to submit his commissary order. *Id.*

20   Plaintiff alleges that his commissary order was not fulfilled until March 3, 2015. *Id.* Plaintiff

21   alleges that he was without soap for 27 days. *Id.* at 5.

22           The second instance occurred when plaintiff was transferred to WSP's Intensive

23   Management Unit ("IMU") on August 22, 2015. Dkt. 19 at 5-6. Plaintiff claims that he was

24

REPORT AND RECOMMENDATION - 2

1  issued a bar of soap when he arrived to the IMU, but was told that he would only be able to

2  acquire additional soap through the commissary. Dkt. 19 at 6. Plaintiff claims that he ordered

3  soap from commissary, but did not receive it until September 10, 2015. *Id*. Plaintiff alleges that

4  his normal issue soap lasted eight days, but that he still went 11 days without soap. *Id.* at 6.

5  Plaintiff alleges that he filed a grievance on August 31, 2015, but that it was dismissed on

6  September 16, 2015. *Id.* at 6. Plaintiff alleges that he grieved the issue a second time, but that his

7  grievance was dismissed on October 7, 2015. *Id.* at 7.

8      Plaintiff alleges that DOC Policy 440.080 provides that after an initial issue of hygiene

9  items, hygiene items are not replenished and that hygiene items must be purchased from

10  commissary. *Id.* at 8. Plaintiff alleges that defendant knows that DOC Policy 440.080 requires

11  plaintiff to purchase soap when an inmate is transferred and that commissary does not deliver

12  soap every seven days. *Id.* at 9.

13      Plaintiff alleges that these deprivations of soap violate the Eighth Amendment, as well as

14  RCW 72.10.020 (4)(b). Dkt. 19 at 9-10. Plaintiff seeks a declaratory judgment that DOC Policy

15  440.080 is unconstitutional and a preliminary and permanent injunction enjoining defendant to

16  supply at least one bar of soap, on a weekly basis to all inmates. *Id.* at 11.

17                          PROCEDURAL HISTORY

18      Plaintiff Keith L. Closson, proceeding *pro se,* filed this case on January 25, 2016. Dkt. 1.

19  Plaintiff was granted *in forma pauperis* status on March 11, 2016. Dkt. 11. Plaintiff's amended

20  complaint was served on defendant on July 21, 2016. Dkt. 22.

21      On September 16, 2016, defendant filed his motion to dismiss, arguing that plaintiff has

22  failed to plausibly allege personal participation and that he is entitled to qualified immunity. Dkt.

23

24

1   26. Plaintiff filed a response to defendant's motion, Dkt. 27, and defendant filed a reply, Dkt. 28.

2   Plaintiff also filed a "rejoinder to the response," which the Court construes as a surreply. Dkt. 29.

3                                       STANDARD OF REVIEW

4           *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

5   a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

6   theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See,*

7   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

8           For purposes of ruling on this motion, material allegations in the complaint are taken as

9   admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295

10  (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss

11  does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his

12  entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

13  elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations

14  omitted). "Factual allegations must be enough to raise a right to relief above the speculative

15  level, on the assumption that all the allegations in the complaint are true (even if doubtful in

16  fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on

17  its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a

18  complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

19                                            DISCUSSION

20      **1.  Personal Participation**

21       Defendant argues that he should be dismissed from this action because he has been

22  named as a defendant in his supervisory position alone. Dkt. 26 at 3-4. He argues that the only

23

24

1 | allegation specifying involvement is plaintiff's allegation that defendant was Secretary of the

2 | DOC at the time that plaintiff was without soap. *Id.* at 3.

3 |     In order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must

4 | prove that the particular defendant has caused or personally participated in causing the

5 | deprivation of a particular protected constitutional right. *Arnold v. International Business*

6 | *Machines Corp.,* 637 F.2d 1350, 1355 (9th Cir.1981); *Sherman,* 549 F.2d at 1290. To be liable

7 | for "causing" the deprivation of a constitutional right, each defendant must commit an

8 | affirmative act, or omit to perform an act, that he or she is legally required to do, and which

9 | causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

10 |     Generally, defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a

11 | theory of respondeat superior or vicarious liability. *Polk County v. Dodson,* 454 U.S. 312, 325

12 | (1981); *Bergquist v. County of Cochise,* 806 F.2d 1364, 1369 (9th Cir. 1986). However,

13 | "[s]upervisory liability exists even without overt personal participation in the offensive act if

14 | supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of

15 | constitutional rights' and is the 'moving force of the constitutional violation.' " *Hansen v. Black,*

16 | 885 F.2d 642, 646 (9th Cir. 1989) (*quoting Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir.1987)).

17 | *See also OSU Student Alliance v. Ray,* 699 F.3d 1053, 1076 (9th Cir. 2012), *cert. denied,* 134

18 | S.Ct. 70 (2013) ("Advancing a policy that requires subordinates to commit constitutional

19 | violations is always enough for § 1983 liability, no matter what the required mental state, so long

20 | as the policy proximately causes the harm—that is so long as the plaintiff's constitutional injury

21 | in fact occurs pursuant to the policy."). In a suit such as this, where the plaintiff only seeks

22 | injunctive and declaratory relief, the inquiry into causation is more broad and generalized than in

23 | a suit seeking damages. *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988).

24 |

1    Here, plaintiff alleges that defendant, as the Secretary of the DOC, was required to adopt

2 a policy relating to the distribution and replenishment of hygiene items. Dkt.19 at 8. Plaintiff

3 concedes that defendant did not sign or create DOC Policy 440.080, Dkt. 27, but alleges that

4 defendant knew that DOC Policy 440.080 requires an inmate to purchase soap when he/she is

5 transferred and that commissary does not sell and deliver soap every seven days. Dkt. 19 at 9.

6 Thus, the Court finds that at this stage, plaintiff's complaint sufficiently alleges a plausible

7 inference of a connection between defendant and DOC Policy 440.080. Specifically, that

8 defendant had knowledge of the policy and its affect on transferred inmates, and that defendant

9 was responsible for the continued operation of the policy. *See OSU,* 699 F.3d at 1076 (*quoting*

10 *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010) ([Section] 1983 allows a plaintiff to

11 impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some

12 other way possesses responsibility for the continued operation of a policy the enforcement (by

13 the defendant-supervisor of her subordinates) of which 'subjects, or causes to be subject' that

14 plaintiff 'to the deprivation of any rights ... secured by the Constitution[.])).

15    The Court must next determine whether plaintiff has sufficiently alleged that the policy

16 was so deficient as to amount to a repudiation of constitutional rights and was the moving force

17 of the alleged constitutional deprivation. *See Hansen,* 885 F.2d at 646. Prisoners have a

18 constitutional right to access personal hygiene items under the Eighth Amendment. *See Keenan*

19 *v. Hall,* 83 F.3d 1083, 1091 (9th Cir. 1996); *Toussaint v. McCarthy,* 801 F.2d 1080, 1107 (9th

20 Cir. 1986) (prison officials must provide inmates with basic human needs, including sanitation.).

21 However, only those deprivations denying "the minimal civilized measure of life's necessities"

22 are sufficiently grave to form the basis of an Eighth Amendment violation." *Rhodes v. Chapman,*

23 452 U.S. 337, 347 (1981). The circumstances, nature, and duration of the deprivations are critical

24

1 | in determining whether the conditions complained of are grave enough to form the basis of a

2 | viable Eighth Amendment claim, and "routine discomfort inherent in the prison setting" does not

3 | rise to the level of a constitutional violation. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000).

4 |      In cases addressing the issue of temporary deprivation of hygiene supplies, district courts

5 | in the Ninth Circuit have held deprivations lasting up to seven days do not rise to the level of an

6 | Eighth Amendment violation. *See, e.g., Murillo v. Bueno,* 2013 WL 1731393 at *1–*2 (E.D. Cal.

7 | Apr. 22, 2013) (prisoner not provided with toothbrush, toothpaste, soap, toilet paper, or

8 | deodorant for approximately five days while housed in holding cell failed to state a cognizable

9 | Eighth Amendment claim); *Lopez v. Cate,* 2013 WL 239097 at *8 (E.D. Cal. Jan. 22, 2013) ("the

10 | deprivation of a towel and soap for approximately four days, and the deprivation of toilet paper,

11 | a toothbrush, and tooth powder for approximately seven days do not rise to the level of an Eighth

12 | Amendment violation."); *Stansbury v. U.S. Gov't,* 2010 WL 2079727 at *2 (E.D. Cal. May 21,

13 | 2010) ("Deprivation of personal hygiene items, laundry service, and dinner over four days does

14 | not rise to the level of a deprivation that satisfies the objective prong of deliberate indifference in

15 | violation of the Eighth Amendment."); *Gomez v. McDonald*, 2015 WL 5435256, at *43 (E.D.

16 | Cal. Sept. 15, 2015) (deprivation of soap, toothbrush, toothpaste and toilet paper for four days

17 | did not rise to the level of an Eighth Amendment violation).

18 |      However, in a case from the Central District of California, the court held that a

19 | deprivation of soap, toilet paper and a toothbrush for ten days was sufficient to state a viable

20 | Eighth Amendment claim. *Ekene v. Cash*, 2011 WL 7971746, at *5 (C.D. Cal. Sept. 13, 2011),

21 | *report and recommendation adopted,* 2012 WL 1951100 (C.D. Cal. May 30, 2012).

22 |      Here, plaintiff alleges that because of DOC Policy 440.080, he was deprived of soap on

23 | two occasions, once for 27 days and the second time for 11 days. Dkt. 19 at 4-7. Although

24 |

REPORT AND RECOMMENDATION - 7

1   plaintiff alleges that these deprivations were temporary, they were not short-term and

2   demonstrate allegations of sufficiently serious conditions to support an Eighth Amendment claim

3   that he was denied "the minimal civilized measure of life's necessities." *See Rhodes,* 452 U.S. at

4   347. Thus, the Court finds that plaintiff has sufficiently alleged that DOC Policy 440.080 was so

5   deficient as to amount to a repudiation of constitutional rights. *See Hansen,* 885 F.2d at 646.

6          The final step is whether plaintiff has sufficiently alleged that the policy was the moving

7   force of the deprivation of soap. *See Hansen,* 885 F.2d at 646. Liberally construed, plaintiff's

8   amended complaint alleges that correctional officers at WSP were complying with DOC policy

9   440.080 when they told plaintiff that he had to order soap from commissary, which caused

10  plaintiff to be without soap on two occasions. Thus, at the pleading level, the Court finds that

11  plaintiff has sufficiently alleged a connection between the deprivation of soap and DOC policy.

12         At the motion to dismiss phase, a plaintiff must only plead sufficient facts for the Court

13  to find it "plausible" that the defendant participated in a deprivation of his constitutional rights.

14  *See Iqbal*, 556 U.S. at 681. Defendant has not shown that plaintiff's set of facts, if proven, would

15  not entitle plaintiff to relief. *See Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983)

16  (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1990)).  Although a summary judgment motion

17  may result in a different result, the standard governing a motion to dismiss allows the conclusion

18  at this point in the proceedings that plaintiff has stated facts establishing more than a mere

19  possibility that defendant acted in violation of plaintiffs Eighth Amendment rights.  *See*

20  *Twombly,* 550 U.S. at 545. Thus, the Court recommends that defendant's motion to dismiss be

21  denied as to this claim.

22  //

23  //

24

1     **2.  Qualified Immunity**

2         Defendant argues that he is entitled to qualified immunity. Dkt. 26 at 4. However, as

3 plaintiff points out, he does not seek compensatory or punitive damages. Dkts. 19, 27. Rather, he

4 only requests injunctive and declaratory relief. Dkt. 19. Specifically, plaintiff seeks a declaratory

5 judgment that DOC Policy 440.080 is unconstitutional and a preliminary and permanent

6 injunction enjoining defendant to supply at least one bar of soap, on a weekly basis to all

7 inmates. Dkt. 19 at 11.  Qualified immunity is only immunity from suit for damages, it is not an

8 immunity from suit for declaratory or injunctive relief. *See L.A. Police Protective League v.*

9 *Gates*, 995 F.2d 1469, 1472 (9th Cir. 1993); *Am. Fire, Theft & Collision Managers, Inc. v.*

10 *Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991). Thus, the Court denies defendant's motion to

11 dismiss as to qualified immunity.

12                           CONCLUSION

13        Based on the foregoing, the Court recommends denying defendant's motion to dismiss

14 (Dkt. 26). Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

15 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

16 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de

17 novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time

18 limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration

19 on **December 23, 2016**, as noted in the caption.

20        Dated this 28th day of November, 2016.

21

22                           J. Richard Creatura
                          United States Magistrate Judge

23

24